OPINION OF THE COURT
Harold J. Hughes, J.
The motion of the respondent for an order dismissing the petition upon the objections in point of law that: (1) the petition is conclusory; (2) respondent is not a proper party; (3) petitioner lacks standing; (4) petitioner has no clear legal right to the relief requested; and (5) the matter is not justiciable will be denied.
The petition alleges that petitioner is in the business of selling office products to State agencies and that the respondent is the Director of the Governor’s Office of Minority and Women’s Business Development. That office was created pursuant to article 15-A of the Executive Law (Executive Law §311), and respondent’s duties include assuring that a fair share of agency contracts be awarded to minority and women-owned business enterprises (Executive Law § 311 [3] [a]). To qualify as a minority or woman-owned business enterprise, a woman or a member of a minority must own at least 51% of the business and have the power to control the day-to-day decisions of the enterprise (Executive Law § 310 [7], [15]). The petition alleges that article VIII of Executive Order No. 21 sets the "fair share” of State business going to minority and women-owned business enterprises at "at least 12 percent of the total dollar value of contracts let by the State annually” (9 NYCRR 4.21). The Legislature determined that article 15-A would only apply to State purchases in excess of $25,000 (Executive Law § 310 [13], [14]). The petition further asserts that State purchases of less than $2,500 are considered "discretionary” purchases not subject to either competitive bidding rules or the provisions of Executive Order No. 21 (9 NYCRR 4.21) or article 15-A of thé'Executive Law.
The petition asserts that the purchases of most State agencies consist of furniture, equipment, and office supplies. It is alleged that generally the furniture is purchased from the *652 Department of Correctional Services; equipment from competitively bid State-wide contracts with national vendors; and office supplies from local vendors. Petitioner alleges that purchasing agents in many State agencies are being erroneously instructed by their superiors that they must purchase all of their office supplies from minority vendors in order to meet the 12% goal mandated by Executive Order No. 21. Petitioner asserts that it asked respondent to issue a declaratory ruling that Executive Order No. 21 and article 15-A of the Executive Law do not apply to discretionary purchases under $2,500, so that the ruling could be brought to the attention of the State purchasing agents misapplying the minority vendor laws. It is alleged that although the respondent agreed with petitioner’s interpretation of the law, she refused to issue such a ruling. The petition asserts that the request for a declaratory ruling was made by a letter dated January 27, 1989.
The first objection in point of law raised by respondent is that the petition is conclusory, without any supporting facts. The second objection is that the respondent is not a proper party to issue the ruling petitioner requests because she and her office have nothing to do with State purchases of supplies for a price of less than $2,500. The third objection is a lack of standing. The fourth objection is that petitioner has no clear legal right to the relief requested, and the last objection is that there is no justiciable controversy present.
In the court’s view, the provisions of the State Administrative Procedure Act authorize this, proceeding, and negate all of the objections raised by the respondent. The respondent comes within the definition of an agency set forth in subdivision (1) of section 102 of the State Administrative Procedure Act. Subdivision (1) of section 204 of the State Administrative Procedure Act provides in pertinent part as follows: "On petition of any person, an agency may issue a declaratory ruling with respect to (i) the applicability to any person, property, or state of facts of any rule or statute enforceable by it * * * [a] declaratory ruling shall be subject to review in the manner provided for in article seventy-eight of the civil practice law and rules.”
Section 205 of the State Administrative Procedure Act sets forth the right to judicial review and provides that the agency from which the declaratory ruling was requested must be made a party to the proceeding. The section further provides that a proceeding can be maintained when "the agency has *653 not provided for the issuance of such declaratory rulings under section two hundred four”.
The petition asserts that petitioner operates a business that is being financially harmed by State purchasing agents misapplying statutes and regulations administered by the respondent. The petition further alleges that the petitioner made a request to the respondent to issue a declaratory ruling with respect to the applicability to it of a rule and statute enforceable by the respondent. It is alleged that the respondent refused to issue such a ruling. The foregoing allegations make out a cause of action under section 204 of the State Administrative Procedure Act.
As to the second objection, that the respondent is not a proper party, the simple answer is that section 205 of the State Administrative Procedure Act requires that the agency from whom the declaratory ruling was requested must be made a party. The argument that the respondent is not a proper party because she lacks the authority to issue a ruling with respect to sales under $25,000 is specious. The above-quoted language of section 204 states that any person can request a State agency for a ruling that a statute enforced by that agency does not apply to it, its property, or a given state of facts. Respondent’s position on her authority to issue such a declaratory ruling flies in the face of the directive of the Legislature set forth in the opening sentence of section 204.
As to the standing objection, the language of section 204 of the State Administrative Procedure Act appears to give "any person” the right to petition a State agency for a declaratory ruling. Petitioner should qualify as an "any person”. More importantly, the Third Department’s decision in Rex Paving Corp. v White (139 AD2d 176, 181-182) confers standing upon the petitioner under the circumstances of this case. Finally, in Matter of Roman Catholic Diocese v New York State Dept. of Health (66 NY2d 948), the Court of Appeals gave direction to the lower courts as to how standing objections should be handled. In that case, the respondent asserted that the petitioners lacked standing. Both Special Term and the Appellate Division addressed that issue (see, 109 AD2d 140). The Court of Appeals disposed of the issue in a single sentence, stating (at 951): "We assume, without deciding, that petitioners had standing to bring this proceeding”.
Thus, even if the court were inclined to decide that petitioner lacked standing, it would simply assume that it had standing and proceed to the merits.
*654 The fourth objection, that petitioner has no clear legal right to the requested relief, addresses those portions of the petition seeking mandamus. As stated earlier, the court construes the allegations of the petition as setting forth a request for a declaratory ruling under the State Administrative Procedure Act, a right that the law clearly gives the petitioner. As to the final argument, that the matter is not justiciable, the response is that the State Administrative Procedure Act authorizes a CPLR article 78 proceeding such as the instant one. There is a justiciable controversy presented as to whether the respondent should have issued the declaratory ruling requested by the petitioner to the effect that Executive Order No. 21 (9 NYCRR 4.21) and article 15-A of the Executive Law do not apply to State contracts to purchase goods, when the purchase price is less than $2,500.
The order to be entered hereon shall direct the respondent to file an answer and return within 20 days following service upon her of a copy of the order to be entered hereon with notice of entry, whereupon petitioner may renotice this matter upon an article 78 calendar upon two days’ notice.